JUDGE CROTTY **07 CV 6400**

Amy J. Benjamin (AB-6886)
Atul R. Singh (AS-0873)
DARBY & DARBY P.C.
7 World Trade Center
250 Greenwich Street
New York, NY 10007-0042
Tel: (212) 527-7700
Fax: (212) 527-7701
Email: abenjamin@darbylaw.com
        asingh@darbylaw.com

*Attorneys for Plaintiff*:
Gigantic Marketing, Inc.



JUL 1 3 2007

U.S. ... S.D.N ...
CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

GIGANTIC MARKETING, INC.,          :
                                   :    Case No.:
              *Plaintiff*,          :
                                   :
      v.                           :
                                   :    **JURY TRIAL DEMANDED**
WE ARE GIGANTIC, LLC; and          :
NEIL POWELL,                       :
                                   :    **ECF CASE**
              *Defendants*.          :

-------------------------------------------------------x

### COMPLAINT

For its Complaint against Defendants, We Are Gigantic, LLC ("We Are Gigantic") and

Neil Powell ("Powell") (collectively "Defendants"), Plaintiff, Gigantic Marketing Inc

("Gigantic"), through its attorneys, alleges as follows:

### NATURE OF THIS ACTION

1.      Plaintiff Gigantic brings this action under the Federal Trademark Act, commonly

referred to as the Lanham Act, for service mark infringement in violation of § 43(a) of the

Lanham Act, 15 U.S.C. § 1125(a), for service mark infringement and unfair competition in

violation of the statutory law of the State of New York, namely, N.Y. Gen. Bus. Law § 360-l,

and for service mark infringement and unfair competition in violation of the common law of the State of New York.

## THE PARTIES

2.    Plaintiff Gigantic is a corporation duly organized and existing under the laws of the State of New York, having its principal place of business at 90 West Street, Suite 20K, New York, NY 10006.

3.    Upon information and belief, defendant We Are Gigantic, is a Delaware limited liability company having a place of business at 411 Lafayette Street, 6th Floor, New York, NY 10003.

4.    Upon information and belief, defendant Powell is a resident of the State of New York and an officer, director, partner, shareholder, principal, or agent of defendant We Are Gigantic, or otherwise exercises extensive control over We Are Gigantic as its alter ego, and is an active participant, primary actor, or conscious, active and dominant force behind the wrongful acts of We Are Gigantic complained of herein for the gain of defendant We Are Gigantic and for his own individual gain

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and has supplemental jurisdiction over Gigantic's state law claims pursuant to 28 U.S.C. § 1367.

6.    This Court has *in personam* jurisdiction over the Defendants pursuant to N.Y.C.P.L.R. §§ 301 and 302(a)(1), (2), and (3) in that, upon information and belief, Defendants, by themselves or through their agents, regularly solicit, transact, and engage in business in New York, including the judicial district of the Southern District of New York; derive substantial

2

revenue from services rendered in New York, including the judicial district of the Southern District of New York; and have caused Plaintiff Gigantic's injuries alleged herein from their acts conducted within or directed toward New York and the judicial district of the Southern District of New York.

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants regularly conduct business in this judicial district and/or a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

### *Plaintiff Gigantic Marketing, Inc.'s Business and Its Service Mark GIGANTIC*

8.    Plaintiff Gigantic is a leading Internet marketing and advertising company in the business of providing marketing and advertising services to implement branding strategies through, for example, brand development, content creation, and customer management.

9.    Gigantic was incorporated in June 2005 and since at least October 2005 has been in the business of providing its marketing and advertising services throughout the United States, including in New York, under the name and mark GIGANTIC.

10.    Plaintiff Gigantic provides its marketing and advertising services to various brands, advertising agencies, and media and entertainment companies in the United States.

11.    Since October 2005, Gigantic has continuously used in interstate commerce the name and mark GIGANTIC in connection with providing its marketing and advertising services to its customers to implement branding strategies.

3

12.    Gigantic is the owner of U.S. Trademark Application Serial No. 77/226,659 for the mark GIGANTIC for consulting services concerning marketing, advertising and brand management.

13.    Gigantic is the owner of the website www.sogigantic.com at which it advertises its services under the name and mark GIGANTIC.  Attached hereto as Exhibit A are screen shots from the www.sogigantic.com website showing Gigantic's use of the name and mark GIGANTIC.

14.    Since it started doing business, Gigantic has generated over one million dollars ($1,000,000.00) worth of revenue in sales in the United States from providing its marketing and advertising services under the name and mark GIGANTIC.

15.    Since 2005, Gigantic has also spent approximately fifty thousand dollars ($50,000.00) dollars on advertising and promoting its marketing and advertising services in the United States via its Internet website, by attending networking events and conferences at which it distributes promotional materials, and by distributing promotional materials via the Internet to prospective customers.

16.    As a result of Gigantic's substantial sales, advertising and promotion, and use of the mark GIGANTIC in the United States, the trade and relevant consuming public have come to exclusively associate said name and mark with Gigantic.

17.    Gigantic is the exclusive owner of all right, title, and interest in and to the service mark GIGANTIC and has at no time assigned or transferred its rights to the same.

4

### Defendants We Are Gigantic and Powell
### and Their Infringing Activities

18. Upon information and belief, defendant We Are Gigantic is an advertising agency in the business of providing services for developing advertising campaigns and marketing strategies.

19. Upon information and belief, defendant We Are Gigantic is controlled, in whole or in part, by defendant Powell.

20. Upon information and belief, since in or about April 2007, Defendants have used the name and mark WE ARE GIGANTIC in interstate commerce in connection with providing their advertising and marketing services, including within the State of New York and the judicial district of the Southern District of New York.

21. Defendants' advertising and marketing services are extremely similar to the services provided by Gigantic, because they involve providing services in connection with developing branding, advertising, and marketing strategies for their customers. Defendants' services are therefore likely to have similar customers as Gigantic's services.

22. Upon information and belief, Defendants maintain an Internet website at www.wearegigantic.com at which they plan to soon launch a website on which they will advertise and promote their advertising and marketing services. Copies of a screen shot from Defendants' website are attached hereto as Exhibit B.

23. The use by Defendants of their infringing service mark WE ARE GIGANTIC in connection with advertising and marketing services similar to those of Gigantic's is likely to cause confusion, mistake, and/or deception of the trade and relevant consuming public, who are likely to believe that Defendants' advertising and marketing services emanate from and/or are endorsed, approved, or authorized by Plaintiff Gigantic, when they are not.

5

{W:\21172\6003187-000\01157232.DOC ‖▌▐▌▐▌▐▌▐▌▐▌▐▌▐▌ }

24.    Upon information and belief, Defendants' adoption of their infringing service mark, was with knowledge of Plaintiff Gigantic's prior rights, and Defendants' continued use of their infringing service mark, has been with the intent to trade upon the goodwill and well-regarded reputation associated with Plaintiff Gigantic.

25.    Upon information and belief, all of Defendants' acts complained of herein have been and are being taken willfully.

## COUNT I

### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT

26.    Gigantic repeats and realleges each of the allegations set forth in paragraphs 1 through 25 as if fully set forth herein.

27.    Defendants' aforesaid acts and conduct violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because Defendants' unauthorized use of the service mark WE ARE GIGANTIC in connection with services identical and/or similar to those offered by Gigantic under the mark GIGANTIC is likely to create confusion, mistake and deception on the part of the consuming public and the trade such that they are likely to mistakenly believe that Defendants' services under the mark WE ARE GIGANTIC emanate from or are somehow endorsed, approved, or authorized by Gigantic, when they are not.

28.    Upon information and belief, Defendants' acts and conduct complained of herein constitute a false designation of origin and willful and deliberate acts of unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29.    Gigantic is being and, is likely to continue to be, damaged by reason of the likelihood that the trade and relevant consuming public is and will continue to be confused as to the true source of Defendants' services offered under the mark WE ARE GIGANTIC.

6

30.     By reason of the wrongful acts of Defendants alleged herein, Gigantic has suffered, is suffering, and will continue to suffer irreparable damage, and unless Defendants are restrained from continuing their wrongful acts, the damage to Gigantic will increase.

31.     Gigantic has no adequate remedy at law.

**COUNT II**

**SERVICE MARK INFRINGEMENT UNDER
NEW YORK GENERAL BUSINESS LAW § 360-l**

32.     Gigantic repeats and realleges each and every allegation set forth in paragraphs 1 through 31 as if fully set forth herein.

33.     Defendants' aforesaid activities constitute service mark infringement in violation of N.Y. Gen. Bus. Law § 360-l, because Defendants' activities have caused and are likely to continue to cause injury to Gigantic and its business reputation.

34.     Defendants' activities have deceived and are likely to continue to deceive members of the public, because Defendants are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' services with Gigantic's services.

35.     As a result of Defendants' continuing willful, unfair, and/or fraudulent business practices, Gigantic has suffered, is suffering, and will continue to suffer substantial and irreparable damage to itself and its business reputation, and unless Defendants are restrained from continuing their wrongful acts, the damage to Gigantic and its business reputation will increase.

36.     Gigantic has no adequate remedy at law.

7

## COUNT III

### UNFAIR COMPETITION UNDER
### NEW YORK GENERAL BUSINESS LAW § 360-l

37.    Gigantic repeats and realleges each and every allegation set forth in paragraphs 1 through 36 as if fully set forth herein.

38.    Defendants' aforesaid activities constitute unfair competition in violation of N.Y. Gen. Bus. Law § 360-l, because Defendants' activities have caused and are likely to continue to cause injury to Gigantic and its business reputation.

39.    Defendants' activities have deceived and are likely to continue to deceive members of the public, because Defendants are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' services with Gigantic's services.

40.    By reason of the wrongful acts of Defendants alleged herein, Gigantic has suffered, is suffering, and will continue to suffer irreparable damage to itself and its business reputation, and unless Defendants are restrained from continuing their wrongful acts, the damage to Gigantic and its business reputation will increase.

41.    Gigantic has no adequate remedy at law.

## COUNT IV

### SERVICE MARK INFRINGEMENT AND UNFAIR COMPETITION
### UNDER NEW YORK COMMON LAW

42.    Gigantic repeats and realleges each and every allegation set forth in paragraphs 1 through 41 as if fully set forth herein.

43.    Defendants' acts alleged herein constitute service mark infringement of Gigantic's rights in the service mark GIGANTIC and unfair competition under the common law of the State of New York and are likely to cause confusion, mistake, or deception among

8

customers and potential customers of Defendants' services as to the source or origin of Defendants' services, because the consuming public is likely to believe that Defendants' services originate from or are in some way properly connected with, approved by, sponsored by, or endorsed by Gigantic.

44.    By reason of the wrongful acts of Defendants alleged herein, Gigantic has suffered, is suffering, and will continue to suffer irreparable damage, unless Defendants are restrained from continuing their wrongful acts, the damage to Gigantic will increase.

45.    Gigantic has no adequate remedy at law.

**WHEREFORE**, Gigantic demands judgment that:

A.    Gigantic has properly used the mark GIGANTIC as a service mark in connection with its marketing and advertising services since October 2005, that said mark is valid and enforceable, and that Plaintiff is the exclusive owner of all rights, title, and interest in and to said service mark.

B.    Defendants' actions in using their service mark WE ARE GIGANTIC in connection with their advertising agency and advertising and marketing services constitutes infringement of Plaintiff's rights in its GIGANTIC service mark in violation of Federal and State law.

C.    Defendants' actions in using their infringing service mark WE ARE GIGANTIC in connection with their advertising agency and advertising and marketing services constitutes willful infringement of Plaintiff's rights in its GIGANTIC service mark in violation of Federal and State law.

D.    Defendants' actions in using their infringing service mark WE ARE GIGANTIC in connection with their advertising agency and advertising and marketing services constitutes

{W:\21172\6003187-000\01157232.DOC ▌▊▊▊▊▊▊▊▊▊▊▊▊▊ }

unfair competition with Plaintiff's rights in its GIGANTIC service mark in violation of Federal and State law.

E.      Defendants, their officers, agents, servants, employees, attorneys, parents, subsidiaries, and all related companies and all persons acting for, in concert with, by, through or under them and each of them, who receive actual notice of any order or judgment by personal service or otherwise, be preliminarily and, thereafter, permanently enjoined and restrained from using the name "We Are Gigantic", the term "Gigantic", or any colorable imitations thereof, in connection with their advertising agency and advertising and marketing services, interfering with Gigantic's rights to use its GIGANTIC service mark, or in any other way from doing any other act or thing likely to, or calculated to induce the belief that Defendants' services or promotional and advertising activities are in any way affiliated, connected, or associated with Gigantic.

F.      Defendants be required to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of any Order or Judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of such Order or Judgment.

G.      Defendants be required to account for and pay over to Plaintiff all damages sustained by Plaintiff and all profits realized by Defendants by reason of their unlawful acts alleged herein, and that such amounts be trebled, as provided by law.

H.      Defendants be required to pay to Plaintiff all of its costs, disbursements, and

10

attorneys' fees in this action, as provided by law, including but not limited to, 15 U.S.C. § 1117.

I.      Gigantic have such other and further relief as the Court may deem just and equitable.

Dated: July 13, 2007                          Respectfully submitted,
        New York, NY

                                              DARBY & DARBY P.C.

                                      By: _____
                                              Amy J. Benjamin (AB-6886)
                                              Atul R. Singh (AS-0873)
                                              7 World Trade Center
                                              250 Greenwich Street
                                              New York, NY 10007-0042
                                              Tel: (212) 527-7700
                                              Fax: (212) 527-7701
                                              Email: abenjamin@darbylaw.com
                                                     asingh@darbylaw.com

                                              *Attorneys for Plaintiff*:
                                              Gigantic Marketing, Inc.

11

# EXHIBIT A



Brand Development · Content Creation · Customer Management

**About**

**Contact us**

90 West Street
Suite 20K
New York, NY 10006
212.366.1746 ph
646.365.3149 fx
contact@sogigantic.com

Powered by **TypePad**
Member since 06/2004

**It's Time for Stevens**



Stevens Institute of Technology recently asked us to help them
redefine their brand and optimize it for the online space.
Working from the strategic positioning that *Now is the Time for
Stevens*, we redesigned the university's website and consulted
with the Communications and IT Departments to identify a
content management system (CMS) that was user friendly and
well suited to an academic environment. We identified
CommonSpot from PaperThin as the perfect solution. The
ability to integrate blog content, deliver podcasts and handle
streaming video were all important features that allow for a
platform that delivers on our proprietary strategy of Building and
Programming a Network Around a Brand. Look for the site to
launch in Q2 of 2007.

Posted on March 16, 2007 at 06:07 PM in The Brand | Permalink |
TrackBack (0)

**Making Starwood a Star**



Our work for the Starwood family of brands has ranged from integrated campaigns for seasonal promotions to a meeting planner program positioning Boston as "The Smarter Place to Meet."

Our client has called our work a smart balance of branding and direct response. We think it's because we have a smarter way to work.



Posted on March 28, 2007 at 01:29 PM in **The Brand** | **Permalink** | **TrackBack (0)**

**Luxury-Branded Real Estate**



Villa Milano is a new real estate development in Orlando. We created the brand to reflect a new level of attention to detail and luxury in the Orlando market. Call it luxury-branded real estate; it is a trend that is redefining how real estate is marketed.

The Villa Milano experience includes an exclusive VIP List and its very own estate-bottled wine.



Posted on March 26, 2007 at 12:46 PM in **The Brand** | **Permalink** | **TrackBack (0)**

### Branded Content and Streaming Video

 We are creating and producing content through exclusive partnerships with a range of production companies. Our expertise extends from original television programming built around brands to webisodes that entertain and inform. We see Branded Content as an executional extension of our philosophy of "Building and Programming a Network Around a Brand."

# Lucky.live!

This pilot for "Lucky Magazine" called is an example of streaming content produced for iPods, mobile phones and webcasting. The still frame (above) is from "LaDolce Vespa" a humorous take on the Vespa lifestyle.

Posted on March 26, 2007 at 12:03 PM in Content | Permalink | TrackBack (0)

### Viral Flash Work



From its earliest days URBANadvertising was known for creating viral flash work that garnered media attention and captured viewer's imaginations. From viral flash animations like The Oracle of Advertising which offered unexpected answers to virtually any question you may have about the advertising business, to work for Citymeals-On-Wheels, to a campaign announcing the now infamous URBANadvertising Exploited t-shirt, which sold thousands of shirts through an innovative online pop-up store — the work always resonated with its audience.



Posted on **March 26, 2007 at 10:07 AM** in <u>Content</u> | <u>Permalink</u> |
<u>TrackBack (0)</u>

**The season for giving.**


We hope you'll remember the homebound
elderly in your charitible efforts. You can
watch our :30 for Citymeals-on-Wheels <u>here</u>.

Make your donation to Citymeals-on-Wheels
<u>here</u>.

Posted on December 15, 2005 at 03:19 PM in **The**
**Customer** | <u>Permalink</u> | <u>TrackBack (0)</u>

**Dear JetBlue,**



Having a wonderful time in ForwardClass, wish you were here!

We know that you are currently looking for new ideas and that
you have an unresolved pitch underway. If you were talking to
us, we'd be moving you up to ForwardClass.

Warm regards,

The Gigantic Team

Posted on November 19, 2005 at 11:43 AM in **The Brand** | <u>Permalink</u> |
<u>TrackBack (0)</u>

**URBANintelligence**

For research purposes, we have archived all the posts from
URBANintelligence <u>here</u>.

Posted on November 18, 2005 at 06:47 PM in <u>Content</u> | <u>Permalink</u> |
<u>TrackBack (0)</u>

**Why Gigantic?**

So we've gotten a few emails asking why/how we picked
Gigantic as our new name. The reasons are simple, really:
We're a small nimble firm who delivers big thinking that nets big
results. And even though we're small, we have primarily worked
with (and will continue to work with) large national and



international brands. So the name Gigantic was a good fit for a small, ambitious firm that's fast on its feet with big ideas for big brands.

Continue reading "Why Gigantic?" »

Posted on October 31, 2005 at 05:40 PM in The Brand | Permalink | TrackBack (0)

**The conversation continues.**

When URBANadvertising launched URBANintelligence, our marketing trends blog, we issued a press release (pdf file) declaring the traditional agency website dead. Not long after, *The New York Times* wrote about us (pdf file), in an article highlighting how ad agencies were adopting blog technology. At that time we had a website and a blog.

Now, as we launch GIGANTIC, we are more tuned in to Web 2.0 and our website *is* a blog — we just don't see any reason to deploy a static site. This blog is a living portal to our brand.

Look for this site to be updated frequently as we share our ideas and our work. And as you return, we hope you are engaged by the conversation, empowered by the ideas and inspired by our work.

Posted on October 29, 2005 at 11:41 AM in Content, The Brand, The Customer | Permalink | TrackBack (0)

**Categories**

- Content
- The Brand
- The Customer

**Recent Posts**

Subscribe to this blog's feed

**Archives**

- March 25, 2007 - March 31, 2007
- December 11, 2005 - December 17, 2005
- November 13, 2005 - November 19, 2005
- October 30, 2005 - November 5, 2005
- October 23, 2005 - October 29, 2005

- Gigantic Home
- ChangeThis :: ChangeThis
- BuzzMachine
- Seth's Blog
- Scobleizer: Microsoft Geek Blogger
- Boing Boing: A Directory of Wonderful Things
- Micro Persuasion - Steve Rubel
- URBANintelligence (the archives)

Brand Development // Content Creation // Customer Management

**Thinking big in the 21st Century.**

We are a media-agnostic, collaborative, creative and strategic resource for brands, advertising agencies and media and entertainment companies.

We are not an advertising agency. We fuse ideas, technology and timely information into deployable, results-driven initiatives in the following areas:

**Brand Development**

We solve branding problems. Our methodology approaches these problems from an objective perspective and builds solutions organically, holistically and specifically around your brand's unique situation. We can help your brand with the:

- Definition of Brand Positioning
- Creation of Branding Tools
- Integration of Media Planning and Communications Strategy
- Tracking and Translation of Trends into Actionable Initiatives
- Preparation for and Reaction to Change

**Content Creation**

We create content that entertains, informs and sparks emotional connections. Everything we create, we treat as intellectual property. Starting with a mindset of media neutrality frees us to work from an idea-centric place to generate content that includes:

- Integrated Brand Communications
- Online Interactive Experiences
- Branded Content
- First-Generation Entertainment Properties

**Customer Management**

We enable customers to have better relationships with brands. Technology is rapidly changing the how

powerful ways. Our awareness of this space goes beyond CRM to include:

- Customer Advocate and Blog Consulting
- Maximization of Customer Lifetime Value
- Loyalty and Rewards Marketing Initiatives
- Strategies for The Referral Economy

# EXHIBIT B

