Edward H. Rosenthal (EH-8022)
Cameron A. Myler (CM-7942)
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue
New York, New York 10022
Tel.: 212-980-0120
Fax: 212-593-9175
Email: erosenthal@fkks.com
       cmyler@fkks.com

*Attorneys for Defendants
MargeotesFertittaPowell LLC
(incorrectly named herein as
We Are Gigantic, LLC) and Neil Powell*

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| GIGANTIC MARKETING, INC., | : |
| Plaintiff, | : |
| | : 07-CV-6400 (PAC) |
| -against- | : |
| | : **ANSWER** |
| WE ARE GIGANTIC, LLC and NEIL POWELL, | : |
| Defendants. | : |

-----------------------------------------------------------X

Defendants MargeotesFertittaPowell LLC, incorrectly named as herein as We Are Gigantic, LLC and Neil Powell ("Powell") (collectively, "Defendants"), through undersigned counsel, hereby state as their answer and defenses to the complaint ("Complaint") filed by plaintiff Gigantic Marketing, Inc. ("Plaintiff"):

### NATURE OF THIS ACTION

1. Deny each and every allegation contained in Paragraph 1 of the Complaint, except admit that Plaintiff purports to assert the claims identified therein.

## THE PARTIES

2. Deny knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Admit that defendant MargeotesFertittaPowell LLC is a Delaware Limited Liability Company having a place of business at 411 Lafayette Street, 6th Floor, New York, New York 10003.

4. Deny each and every allegation contained in Paragraph 4 of the Complaint, except admit that defendant Powell is a resident of New York and an officer and shareholder of defendant MargeotesFertittaPowell LLC.

## JURISDICTION AND VENUE

5. Paragraph 5 of the Complaint contains allegations of law, not fact, to which no response is required, except admit that Plaintiff purports to base jurisdiction on the statutes identified in Paragraph 5.

6. Paragraph 6 of the Complaint contains allegations of law, not fact, to which no response is required, except admit that Plaintiff purports to base jurisdiction on the statutes identified in Paragraph 6.

7. Paragraph 7 of the Complaint contains allegations of law, not fact, to which no response is required, except admit that Plaintiff purports to base jurisdiction on the statutes identified in Paragraph 7.

## FACTS COMMON TO ALL COUNTS

8. Deny knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 13 of the Complaint, except refer to the screen shots refers to therein for proof of content thereof.

14. Deny knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Admit that defendant MargeotesFertittaPowell LLC operates an advertising agency under the name We Are Gigantic, whose business includes, *inter alia*, developing advertising campaigns and marketing strategies for others.

19. Deny each and every allegation contained in Paragraph 19 of the Complaint.

20. Admit that since in or about May 2007, defendant MargeotesFertittaPowell LLC has used the name and mark "We Are Gigantic" in interstate commerce in connection with

providing their advertising and marketing services, including within the State of New York and the judicial district of the Southern District of New York.

21. Deny knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 21 of the Complaint, except admit that defendant MargeotesFertittaPowell LLC, operating under the name We Are Gigantic, provides, *inter alia*, services in connection with developing branding, advertising, design and marketing strategies for their customers.

22. Admit that Defendants maintain an Internet website at www.wearegigantic.com on which they will advertise and promote their advertising and marketing services, and refer to the screen shot referred to herein for proof of the contents thereof.

23. Deny each and every allegation contained in Paragraph 23 of the Complaint.

24. Deny each and every allegation contained in Paragraph 24 of the Complaint.

25. Deny each and every allegation contained in Paragraph 25 of the Complaint.

**COUNT I**
**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**
**UNDER SECTION 43(A) OF THE LANHAM ACT**

26. With respect to the allegations contained in Paragraph 26 of the Complaint, repeats and realleges the responses set forth Paragraphs 1 through 25 of the Answer as if fully set forth herein.

27. Deny each and every allegation contained in Paragraph 27 of the Complaint.

28. Deny each and every allegation contained in Paragraph 28 of the Complaint.

29. Deny each and every allegation contained in Paragraph 29 of the Complaint.

30. Deny each and every allegation contained in Paragraph 30 of the Complaint.

31. Deny each and every allegation contained in Paragraph 31 of the Complaint.

## COUNT II
### SERVICE MARK INFRINGEMENT UNDER
### NEW YORK GENERAL BUSINESS LAW § 360-L

32. With respect to the allegations contained in Paragraph 32 of the Complaint, repeats and realleges the responses set forth Paragraphs 1 through 31 of the Answer as if fully set forth herein.

33. Deny each and every allegation contained in Paragraph 33 of the Complaint.

34. Deny each and every allegation contained in Paragraph 34 of the Complaint.

35. Deny each and every allegation contained in Paragraph 35 of the Complaint.

36. Deny each and every allegation contained in Paragraph 36 of the Complaint.

## COUNT III
### UNFAIR COMPETITION UNDER
### NEW YORK GENERAL BUSINESS LAW § 360-L

37. With respect to the allegations contained in Paragraph 37 of the Complaint, repeats and realleges the responses set forth Paragraphs 1 through 36 of the Answer as if fully set forth herein.

38. Deny each and every allegation contained in Paragraph 38 of the Complaint.

39. Deny each and every allegation contained in Paragraph 39 of the Complaint.

40. Deny each and every allegation contained in Paragraph 40 of the Complaint.

41. Deny each and every allegation contained in Paragraph 41 of the Complaint.

## COUNT IV
### SERVICE MARK INFRINGEMENT AND UNFAIR COMPETITION
### UNDER NEW YORK COMMON LAW

42. With respect to the allegations contained in Paragraph 42 of the Complaint, repeats and realleges the responses set forth Paragraphs 1 through 41 of the Answer as if fully set forth herein.

43. Deny each and every allegation contained in Paragraph 43 of the Complaint.

44. Deny each and every allegation contained in Paragraph 44 of the Complaint.

45. Deny each and every allegation contained in Paragraph 45 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

46. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

47. Plaintiff's claims are barred in whole or in part because Plaintiff is not the exclusive owner of all rights, title and interest in and to the GIGANTIC mark.

### THIRD AFFIRMATIVE DEFENSE

48. Plaintiff's claims are barred in whole or in part because Defendants allegedly infringing WE ARE GIGANTIC mark is not likely to cause confusion with Plaintiff's GIGANTIC mark.

### FOURTH AFFIRMATIVE DEFENSE

49. Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

50. Defendants have not willfully infringed any trademark or other right owned by Plaintiff. Defendants acted in good faith and without any intention of injuring Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

51. Plaintiff's unfair competition claims are barred because Defendants have not engaged in any fraudulent, deceptive, untrue or misleading practices.

WHEREFORE, Defendants pray that this action be dismissed in its entirety, that Defendants be awarded the costs of suit, and that the Court grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 10, 2007

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: _____
Edward H. Rosenthal (EH-8022)
Cameron A. Myler (CM-7942)

488 Madison Avenue
New York, New York 10022
Tel. 212-980-0120
Fax: 212-593-9175

*Attorneys for Defendants
MargeotesFertittaPowell LLC
(incorrectly named herein as
We Are Gigantic, LLC) and Neil Powell*