Amy J. Benjamin (AB-6886)
Atul R. Singh (AS-0873)
DARBY & DARBY P.C.
7 World Trade Center
250 Greenwich Street
New York, NY 10007-0042
Tel: (212) 527-7700
Fax: (212) 527-7701
Email: abenjamin@darbylaw.com
       asingh@darbylaw.com

*Attorneys for Plaintiff*:
Gigantic Marketing, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x

| | |
|---|---|
| GIGANTIC MARKETING, INC., | |
| *Plaintiff,* | Case No.: 07-CV-6400 (PAC) (RLE) |
| v. | |
| MARGEOTESFERTITTAPOWELL LLC d/b/a WE ARE GIGANTIC, NEIL POWELL, and MDC PARTNERS INC. | JURY TRIAL DEMANDED |
| | ECF CASE |
| *Defendants.* | |

------------------------------------------------------x

### AMENDED COMPLAINT

For its Amended Complaint against Defendants, MargeotesFertittaPowell LLC d/b/a We Are Gigantic ("We Are Gigantic"), Neil Powell ("Powell"), and MDC Partners Inc. ("MDC") (collectively "Defendants"), Plaintiff, Gigantic Marketing Inc. ("Gigantic"), through its attorneys, alleges as follows:

## NATURE OF THIS ACTION

1. Plaintiff Gigantic brings this action under the Federal Trademark Act, commonly referred to as the Lanham Act, for direct, contributory, and vicarious service mark infringement in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for direct, contributory, and vicarious service mark infringement and unfair competition in violation of the statutory law of the State of New York, namely, N.Y. Gen. Bus. Law § 360-l, and for direct, contributory, and vicarious service mark infringement and unfair competition in violation of the common law of the State of New York.

## THE PARTIES

2. Plaintiff Gigantic is a corporation duly organized and existing under the laws of the State of New York, having its principal place of business at 90 West Street, Suite 20K, New York, NY 10006.

3. Upon information and belief, defendant We Are Gigantic, is a Delaware limited liability company having a place of business at 632 West 28th Street, 8th Floor, New York, NY 10001.

4. Upon information and belief, defendant Powell is a resident of the State of New York and an officer, director, partner, shareholder, principal, or agent of defendant We Are Gigantic, or otherwise exercises extensive control over We Are Gigantic as its alter ego, and is an active participant, primary actor, or conscious, active and dominant force behind the wrongful acts of We Are Gigantic complained of herein for the gain of defendant We Are Gigantic and for his own individual gain.

5. Upon information and belief, MDC is a corporation organized under the laws of Canada with a principal place of business at 45 Hazelton Avenue, Toronto, Ontario, M5R 2E3 and also has a place of business within the judicial district of the Southern District of New York located at 950 Third Avenue, 5th Floor, New York, NY 10022. Upon information and belief, MDC owns all or substantially all of We Are Gigantic and, therefore has a direct financial interest in We Are Gigantic, and with knowledge of the wrongful conduct of We Are Gigantic alleged herein, controls, supervises, participates in, or materially contributes to such wrongful conduct of We Are Gigantic.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and has supplemental jurisdiction over Gigantic's state law claims pursuant to 28 U.S.C. § 1367.

7. This Court has *in personam* jurisdiction over the Defendants pursuant to N.Y.C.P.L.R. §§ 301 and 302(a)(1), (2), and (3) in that, upon information and belief, Defendants, by themselves or through their agents, regularly solicit, transact, and engage in business in New York, including the judicial district of the Southern District of New York; derive substantial revenue from services rendered in New York, including the judicial district of the Southern District of New York; and have caused Plaintiff Gigantic's injuries alleged herein from their acts conducted within or directed toward New York and the judicial district of the Southern District of New York.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants regularly conduct business in this judicial district and/or a

substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

*Plaintiff Gigantic Marketing, Inc.'s Business and Its Service Mark GIGANTIC*

9.  Plaintiff Gigantic is a leading Internet marketing and advertising company in the business of providing marketing and advertising services to implement branding strategies through, for example, brand development, content creation, and customer management.

10. Gigantic was incorporated in June 2005 and since at least October 2005 has been in the business of providing its marketing and advertising services throughout the United States, including in New York, under the name and mark GIGANTIC.

11. Plaintiff Gigantic provides its marketing and advertising services to various brands, advertising agencies, and media and entertainment companies in the United States.

12. Since October 2005, Gigantic has continuously used in interstate commerce the name and mark GIGANTIC in connection with providing its marketing and advertising services to its customers to implement branding strategies.

13. Gigantic is the owner of U.S. Trademark Application Serial No. 77/226,659 for the mark GIGANTIC for consulting services concerning marketing, advertising and brand management.

14. Gigantic is the owner of the website www.sogigantic.com at which it advertises its services under the name and mark GIGANTIC. Attached hereto as Exhibit A are screen shots from the www.sogigantic.com website showing Gigantic's use of the name and mark GIGANTIC.

4

15. Since it started doing business, Gigantic has generated over one million dollars ($1,000,000.00) worth of revenue in sales in the United States from providing its marketing and advertising services under the name and mark GIGANTIC.

16. Since 2005, Gigantic has also spent approximately fifty thousand dollars ($50,000.00) dollars on advertising and promoting its marketing and advertising services in the United States via its Internet website, by attending networking events and conferences at which it distributes promotional materials, and by distributing promotional materials via the Internet to prospective customers.

17. As a result of Gigantic's substantial sales, advertising and promotion, and use of the mark GIGANTIC in the United States, the trade and relevant consuming public have come to exclusively associate said name and mark with Gigantic.

18. Gigantic is the exclusive owner of all right, title, and interest in and to the service mark GIGANTIC and has at no time assigned or transferred its rights to the same.

*Defendants We Are Gigantic, Powell, and MDC*
*and Their Infringing Activities*

19. Upon information and belief, defendant We Are Gigantic is an advertising agency in the business of providing services for developing advertising campaigns and marketing strategies.

20. Upon information and belief, defendant We Are Gigantic is controlled, in whole or in part, by defendant Powell and is owned, in whole or in substantial part, by defendant MDC.

21. Upon information and belief, since in or about April 2007, Defendants We Are Gigantic and Powell have used the name and mark WE ARE GIGANTIC in interstate

commerce in connection with providing their advertising and marketing services, including within the State of New York and the judicial district of the Southern District of New York.

22. Defendants We Are Gigantic's and Powell's advertising and marketing services are extremely similar to the services provided by Gigantic, because they involve providing services in connection with developing branding, advertising, and marketing strategies for their customers. Defendants We Are Gigantic's and Powell's services are therefore likely to have similar customers as Gigantic's services.

23. Upon information and belief, Defendants We Are Gigantic and Powell maintain an Internet website at www.wearegigantic.com at which they have recently launched a website on which they advertise and promote their advertising and marketing services. Copies of screen shots from Defendants We Are Gigantic's and Powell's website are attached hereto as Exhibit B.

24. The use by Defendants We Are Gigantic and Powell of their infringing service mark WE ARE GIGANTIC in connection with advertising and marketing services similar to those of Gigantic's is likely to cause confusion, mistake, and/or deception of the trade and relevant consuming public, who are likely to believe that Defendants We Are Gigantic's and Powell's advertising and marketing services emanate from and/or are endorsed, approved, or authorized by Plaintiff Gigantic, when they are not.

25. Upon information and belief, consumers and the trade are likely to, and in fact, have come to refer to Defendants We Are Gigantic and Powell by the shorthand "Gigantic" and as a result, there have been numerous instances of actual confusion wherein consumers

and/or the trade have come to believe that the services of We Are Gigantic and/or Powell are endorsed, approved, sponsored, authorized or emanate from Plaintiff Gigantic.

26. Upon information and belief, the quality of at least one advertising campaign prepared by Defendants We Are Gigantic and Powell has been criticized by members of the trade and/or consumers. Accordingly, any association between Defendants We Are Gigantic and Powell with the services of Plaintiff Gigantic are likely to adversely impact the reputation and standing of Plaintiff Gigantic.

27. Upon information and belief, Defendants We Are Gigantic's and Powell's adoption of their infringing service mark, was with knowledge of Plaintiff Gigantic's prior rights, and their continued use of their infringing service mark, has been with the intent to trade upon the goodwill and well-regarded reputation associated with Plaintiff Gigantic.

28. Upon information and belief, all of Defendants We Are Gigantic's and Powell's acts complained of herein have been and are being taken willfully.

29. Upon information and belief, MDC is a provider of marketing communications services to customers globally, including for example, advertising, direct marketing, database and customer relationship management, sales promotion, corporate communications, market research, corporate identity, design and branding, interactive marketing, strategic entertainment and other related services. Upon information and belief, MDC provides its services through various subsidiaries it owns all or substantially all of, including Defendant We Are Gigantic.

30.     Upon information and belief, in or about 2005, MDC acquired Powell's prior business and merged it into another MDC subsidiary then known as Margeotes Fertitta & Partners, forming Defendant MargeotesFertittaPowell LLC.

31.     Upon information and belief, because MargeotesFertittaPowell LLC was having difficulties, MDC reorganized the company by combining some portions of MargeotesFertittaPowell LLC with another MDC subsidiary, Kirschenbaum Bond, and creating Defendant We Are Gigantic as a new subsidiary with Defendant Powell as its Chief Executive Officer.

32.     Upon information and belief, MDC owns a substantial portion or all of Defendants We Are Gigantic's and Powell's business being conducted under the name "We Are Gigantic." Upon information and belief, MDC has an actual or apparent partnership with Defendant We Are Gigantic, which is also controlled in whole or in part by Powell. Copies of screen shots from Defendant MDC's website www.mdccorp.com showing that We Are Gigantic is one of its partners are attached hereto as Exhibit C.

33.     Upon information and belief, MDC provides Defendants We Are Gigantic and Powell with the means of engaging in their wrongful conduct alleged herein in that MDC is providing financial backing to We Are Gigantic and Powell in order for them to conduct business under the name "We Are Gigantic," including but not limited to, the infrastructure for such business such as, for example, paying for media expenditures, human resource services, legal services, and tax and payroll services. Upon information and belief, MDC is also supplying or directing to We Are Gigantic and Powell accounts of clients from MDC's other partners.

34. Upon information and belief, MDC has knowledge of and has approved of We Are Gigantic's and Powell's infringing activities alleged herein, and notwithstanding such knowledge, continues to supply them with the means of infringement by causing, controlling, directing, supervising, inducing, and/or materially contributing to such infringing activity.

35. Upon information and belief, MDC owns all or substantially all of We Are Gigantic and therefore controls or supervises We Are Gigantic's activities and has a direct financial interest in its business and infringing activity for the gain and benefit of MDC. Upon information and belief, as a result of MDC's ownership and control of We Are Gigantic, it participates in concert with We Are Gigantic and Powell in respect of their infringing activities alleged herein.

36. Upon information and belief, all of MDC's acts complained of herein have been and are being taken willfully.

37. Upon information and belief and the foregoing, MDC is liable for contributory and/or vicarious infringement.

## COUNT I

### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT

38. Gigantic repeats and realleges each of the allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

39. Defendants' aforesaid acts and conduct violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because Defendants' unauthorized use of the service mark WE ARE GIGANTIC in connection with services identical and/or similar to those offered by Gigantic under the mark GIGANTIC is likely to create confusion, mistake and deception on the part of

9

the consuming public and the trade such that they are likely to mistakenly believe that Defendants' services under the mark WE ARE GIGANTIC emanate from or are somehow endorsed, approved, or authorized by Gigantic, when they are not.

40. Upon information and belief, Defendants' acts and conduct complained of herein constitute a false designation of origin and willful and deliberate acts of unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Gigantic is being and, is likely to continue to be, damaged by reason of the likelihood that the trade and relevant consuming public is and will continue to be confused as to the true source of Defendants' services offered under the mark WE ARE GIGANTIC.

42. By reason of the wrongful acts of Defendants alleged herein, Gigantic has suffered, is suffering, and will continue to suffer irreparable damage, and unless Defendants are restrained from continuing their wrongful acts, the damage to Gigantic will increase.

43. Gigantic has no adequate remedy at law.

## COUNT II

### SERVICE MARK INFRINGEMENT UNDER
### NEW YORK GENERAL BUSINESS LAW § 360-l

44. Gigantic repeats and realleges each and every allegation set forth in paragraphs 1 through 43 as if fully set forth herein.

45. Defendants' aforesaid activities constitute service mark infringement in violation of N.Y. Gen. Bus. Law § 360-l, because Defendants' activities have caused and are likely to continue to cause injury to Gigantic and its business reputation.

46. Defendants' activities have deceived and are likely to continue to deceive members of the public, because Defendants are likely to cause confusion, mistake, or

deception as to the origin, sponsorship, or approval of Defendants' services with Gigantic's services.

47. As a result of Defendants' continuing willful, unfair, and/or fraudulent business practices, Gigantic has suffered, is suffering, and will continue to suffer substantial and irreparable damage to itself and its business reputation, and unless Defendants are restrained from continuing their wrongful acts, the damage to Gigantic and its business reputation will increase.

48. Gigantic has no adequate remedy at law.

## COUNT III

### UNFAIR COMPETITION UNDER NEW YORK GENERAL BUSINESS LAW § 360-l

49. Gigantic repeats and realleges each and every allegation set forth in paragraphs 1 through 48 as if fully set forth herein.

50. Defendants' aforesaid activities constitute unfair competition in violation of N.Y. Gen. Bus. Law § 360-l, because Defendants' activities have caused and are likely to continue to cause injury to Gigantic and its business reputation.

51. Defendants' activities have deceived and are likely to continue to deceive members of the public, because Defendants are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' services with Gigantic's services.

52. By reason of the wrongful acts of Defendants alleged herein, Gigantic has suffered, is suffering, and will continue to suffer irreparable damage to itself and its business

reputation, and unless Defendants are restrained from continuing their wrongful acts, the damage to Gigantic and its business reputation will increase.

53. Gigantic has no adequate remedy at law.

## COUNT IV

### SERVICE MARK INFRINGEMENT AND UNFAIR COMPETITION UNDER NEW YORK COMMON LAW

54. Gigantic repeats and realleges each and every allegation set forth in paragraphs 1 through 53 as if fully set forth herein.

55. Defendants' acts alleged herein constitute service mark infringement of Gigantic's rights in the service mark GIGANTIC and unfair competition under the common law of the State of New York and are likely to cause confusion, mistake, or deception among customers and potential customers of Defendants' services as to the source or origin of Defendants' services, because the consuming public is likely to believe that Defendants' services originate from or are in some way properly connected with, approved by, sponsored by, or endorsed by Gigantic.

56. By reason of the wrongful acts of Defendants alleged herein, Gigantic has suffered, is suffering, and will continue to suffer irreparable damage, unless Defendants are restrained from continuing their wrongful acts, the damage to Gigantic will increase.

57. Gigantic has no adequate remedy at law.

## COUNT V

### CONTRIBUTORY AND/OR VICARIOUS INFRINGEMENT AS TO MDC

58. Gigantic repeats and realleges each and every allegation set forth in paragraphs 1 through 57 as if fully set forth herein.

59.     By virtue of Defendant MDC's acts alleged herein, MDC's actions constitute contributory and/or vicarious infringement of Gigantic's rights in the service mark GIGANTIC under both the federal and state laws alleged herein.

60.     By reason of the wrongful acts of Defendant MDC alleged herein, Gigantic has suffered, is suffering, and will continue to suffer irreparable damage, and unless Defendant MDC is restrained from continuing its wrongful acts, the damage to Gigantic will increase.

61.     Gigantic has no adequate remedy at law.

**WHEREFORE**, Gigantic demands judgment that:

A.     Gigantic has properly used the mark GIGANTIC as a service mark in connection with its marketing and advertising services since October 2005, that said mark is valid and enforceable, and that Plaintiff is the exclusive owner of all rights, title, and interest in and to said service mark.

B.     Defendants' actions in using the service mark WE ARE GIGANTIC in connection with their advertising agency and advertising and marketing services constitutes direct, contributory, and vicarious infringement of Plaintiff's rights in its GIGANTIC service mark in violation of Federal and State law.

C.     Defendants' actions in using the infringing service mark WE ARE GIGANTIC in connection with their advertising agency and advertising and marketing services constitutes willful infringement of Plaintiff's rights in its GIGANTIC service mark in violation of Federal and State law.

D.     Defendants' actions in using the infringing service mark WE ARE GIGANTIC in connection with their advertising agency and advertising and marketing services constitutes

unfair competition with Plaintiff's rights in its GIGANTIC service mark in violation of Federal and State law.

E. Defendants, their officers, agents, servants, employees, attorneys, parents, subsidiaries, and all related companies and all persons acting for, in concert with, by, through or under them and each of them, who receive actual notice of any order or judgment by personal service or otherwise, be preliminarily and, thereafter, permanently enjoined and restrained from using the name "We Are Gigantic", the term "Gigantic", or any colorable imitations thereof, in connection with their advertising agency and advertising and marketing services, interfering with Gigantic's rights to use its GIGANTIC service mark, or in any other way from doing any other act or thing likely to, or calculated to induce the belief that Defendants' services or promotional and advertising activities are in any way affiliated, connected, or associated with Gigantic.

F. Defendants be required to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of any Order or Judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of such Order or Judgment.

G. Defendants be required to account for and pay over to Plaintiff all damages sustained by Plaintiff and all profits realized by Defendants by reason of their unlawful acts alleged herein, and that such amounts be trebled, as provided by law.

H. Defendants be required to pay to Plaintiff all of its costs, disbursements, and attorneys' fees in this action, as provided by law, including but not limited to, 15 U.S.C. § 1117.

I.    Gigantic have such other and further relief as the Court may deem just and equitable.

Dated: December 5, 2007  
       New York, NY

Respectfully submitted,

DARBY & DARBY P.C.

By: _____  
Amy J. Benjamin (AB-6886)  
Atul R. Singh (AS-0873)  
7 World Trade Center  
250 Greenwich Street  
New York, NY 10007-0042  
Tel: (212) 527-7700  
Fax: (212) 527-7701  
Email: abenjamin@darbylaw.com  
         asingh@darbylaw.com

*Attorneys for Plaintiff*:  
Gigantic Marketing, Inc.